UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRIAN MATTHEW HINE,
    Plaintiff,

vs.                                           Case No.: 1:22cv339/MW/ZCB

SHERIFF CLOVIS WATSON, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a prisoner civil rights case that began in state court and was removed to this Court. (Doc. 1). In his *pro se* complaint, Plaintiff challenges the conditions of his pretrial confinement in the Alachua County Jail. (Doc. 1 at 11). Defendants have moved to dismiss. (Doc. 4). They argue, *inter alia*, that Plaintiff failed to exhaust his administrative remedies. (*Id.*). Plaintiff has responded in opposition. (Doc. 12). For the reasons below, the Court recommends granting Defendants' motion to dismiss for lack of exhaustion.[1]

### I.    Background

The complaint names the "Alachua County Sheriff Office Dept. of the Jail" and Sheriff Clovis Watson as Defendants.[2] (Doc. 1 at 10). Plaintiff alleges the

---

[1] Because Plaintiff failed to exhaust his administrative remedies, the Court does not address Defendant's other arguments.
[2] The Court notes that the "Alachua County Sheriff's Office Dept. of the Jail" is not a proper Defendant. The capacity to be sued in federal court is governed by the law

1

conditions inside the Alachua County Jail violated the U.S. Constitution. (*Id*. at 12-13). Among other things, Plaintiff claims that the jail had an inoperable air conditioner, inoperable showers, moldy air filters, raw sewage, construction dust, no personal laundry, and only one working water fountain. (*Id*. at 10-11). As relief for his alleged exposure to these conditions, Plaintiff seeks $350,000 in damages. (*Id*. at 13).

Defendants have moved to dismiss. (Doc. 4). In the motion, Defendants argue Plaintiff failed to exhaust his administrative remedies. Along with their motion, Defendants have submitted the Alachua County Jail inmate grievance policy and an affidavit from Fotina Perry, Chief of the Inmate Support Bureau at the Alachua County Jail. (Doc. 4-1). The affidavit states that Plaintiff failed to submit any grievances regarding the issues raised in his complaint. (*Id*. at 2). Plaintiff has opposed the motion to dismiss. (Doc. 12). In his opposition, Plaintiff claims that he exhausted his administrative remedies by submitting an initial grievance. (*Id*. at 3).

---

of the state in which the district court is located. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing Fed. R. Civ. P. 17(b)). "[A] sheriff's office, jail, or detention center is not an entity subject to suit under Florida law." *Maldonado v. Baker Cnty. Sheriff's Off.*, 513 F. Supp. 3d 1339, 1348 (M.D. Fla. 2020); *see also Heckman v. Hall*, No. 3:07cv268/MCR/MD, 2007 WL 2175919 at *3 (N.D. Fla. 2007) (holding that county jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the county or the sheriff's office), *adopted by*, 2007 WL 2428487 (N.D. Fla. 2007).

According to Plaintiff, he did not proceed through the grievance process because he did not receive a response to his initial grievance. (*Id.*).

## II. Discussion

### A. The exhaustion requirement.

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's administrative exhaustion requirement is intended to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford v. Ngo*, 548 U.S. 82, 93 (2006). "The PLRA requires prisoners who wish to challenge some aspect of prison life to exhaust all administrative remedies *before* resorting to the courts." *Bracero v. Sec'y Fla. Dep't of Corr.*, 748 F. App'x 200, 201 (11th Cir. 2018) (emphasis in original).

Failure to exhaust under the PLRA is an affirmative defense that may be raised by a defendant in a motion to dismiss. *Varner v. Shepard*, 11 F.4th 1252, 1257 (11th Cir. 2021); *see also Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (explaining that "[b]ecause exhaustion of administrative remedies is a matter of abatement and not generally an adjudication on the merits," it "should be raised in a motion to dismiss") (cleaned up). A defendant who moves to dismiss on exhaustion

3

grounds bears the burden of showing the plaintiff's lack of exhaustion. *Varner*, 11 F.4th at 1258. If that burden is met, then dismissal is warranted. *Henry v. Calhoun SP Warden*, 847 F. App'x 624, 625 (11th Cir. 2021).

To properly exhaust, "an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Varner*, 11 F.4th at 1257 (internal quotations omitted). The Eleventh Circuit has adopted a two-step framework for deciding whether to dismiss for lack of exhaustion. *Turner v. Burnside*, 541 F.3d 1077, 1082-83 (11th Cir. 2008). At the first step, the Court must "look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true." *Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1209 (11th Cir. 2015). If the facts as stated by the prisoner show a failure to exhaust, then the case should be dismissed at step one. *Id*. Where dismissal is not warranted on the prisoner's view of the facts, it is necessary to proceed to step two. *Id.* There, "the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust." *Id*.

**B. Plaintiff failed to exhaust his administrative remedies.**

Applying the legal standard above, Plaintiff has failed to exhaust his administrative remedies. The Court can reach that conclusion at step one of the

4

*Turner* framework because, even if Plaintiff's claim that he submitted an initial grievance is accepted as true, it is undisputed that he failed to proceed through the remaining steps of the jail's grievance procedure. Thus, he did not completely exhaust his administrative remedies as required by the PLRA.

The Alachua County Jail has promulgated a policy regarding inmate grievances. (Doc. 4-1). The first step requires an inmate to submit an informal inmate request. (*Id*. at 6). If a matter cannot be resolved by an informal inmate request, then a formal grievance should be submitted using the Inmate Grievance Form. (*Id*.). A formal grievance should be received within twenty days of the incident giving rise to the grievance. (*Id*. at 8). The inmate may appeal a final grievance decision. Any such appeal must be received with fifteen days of the decision on the grievance. (*Id*.).

Here, Defendants assert Plaintiff did not properly exhaust his administrative remedies using the jail's procedure as set forth above. (Doc. 4 at 4-6). In support of that argument, Defendants have provided an affidavit of Fotina Perry, the Inmate Support Bureau Chief at the Alachua County Jail. According to Ms. Perry's affidavit, Plaintiff "did not file any Informal Requests, Inmate Requests Forms, or Formal Grievances concerning any jail conditions asserted in the Complaint." (Doc. 4-1 at 1-2). For his part, Plaintiff claims that he did file an "initial grievance" but never received a response. (Doc. 12 at 3). According to Plaintiff, he was "unable to

5

complete the grievance process" because he did not receive a response to his "initial grievance." (*Id.*).

For purposes of the *Turner* step one analysis, the Court accepts as true Plaintiff's assertion that he submitted an "initial grievance" and did not receive a response. It is undisputed, however, that Plaintiff did not proceed through the remainder of the grievance process set forth in the jail's policy. Plaintiff says he did not complete all the steps of the grievance process because "jail officials never responded or acknowledged his initial grievance." (*Id.*). But the lack of a timely response by jail officials to his initial grievance does not excuse Plaintiff's failure to proceed through the remaining steps in the grievance process. Indeed, the jail's policy provides that an inmate who does not receive a timely response "at any step in the process shall [be] entitle[d] . . . to proceed to the next step of the grievance process." (Doc. 4-1 at 5, ¶ J). Thus, even accepting as true Plaintiff's claim that he filed an informal grievance and did not receive a response, Plaintiff failed to exhaust his administrative remedies by not proceeding to the subsequent steps in the grievance process.

As the Eleventh Circuit has recognized in similar circumstances, an inmate who has not received a response at one level of the grievance process is not excused from proceeding to the next level of the process. The decision in *Pavao v. Sims*, 679 F. App'x 819, 825-26 (11th Cir. 2017), is instructive in that regard. The plaintiff in

6

*Pavao* claimed that the prison's failure to respond to his initial grievance prevented him from completing the grievance appeal process. Rejecting that argument, the *Pavao* court explained that under the prison's grievance procedure the inmate "could have proceeded to the next step of the grievance process—administrative appeal—after the expiration of 20 days." *Id*. at 826. According to the Eleventh Circuit, because the plaintiff "could have proceeded by filing an administrative appeal, the PLRA still require[d] him to file an appeal notwithstanding the prison's lack of response." *Id*.; *see also Bettencourt v. Owens*, 542 F. App'x 730, 734 (11th Cir. 2013) (holding that "when the warden failed to respond to the formal grievance within the allotted thirty-day period [the plaintiff] was required to pursue an appeal in order to exhaust his claim. Because [the plaintiff] concedes that he failed to pursue this avenue, the district court properly dismissed his unexhausted § 1983 claim against [the defendant]."); *Solis v. Taylor*, No. 3:20-cv-209, 2021 WL 5494370, at *6 (M.D. Fla. Nov. 23, 2021) (cleaned up) (explaining that "even assuming the FDOC failed to respond to [the plaintiff's] two informal grievances, the grievance procedure provides that he could have proceeded to the next step of the grievance process after the expiration of the time to respond to the informal grievances and his failure to do so renders his claims against Defendants unexhausted").

Because Plaintiff in this case, like the plaintiffs in the cases cited above, did not proceed through the remainder of the grievance process after allegedly not

7

receiving a response to his initial grievance, Plaintiff failed to exhaust his administrative remedies.³ As set forth in the jail's grievance procedure (Doc. 4-1 at 5, ¶ J), Plaintiff had the ability to proceed to the next step of the grievance procedure if he failed to receive a timely response to an initial grievance. It is undisputed that Plaintiff failed to proceed through the remaining levels of the grievance procedure. Thus, even accepting Plaintiff's claim that he filed an initial grievance as true, he did not "properly take each step within the administrative process" before filing the current lawsuit under 42 U.S.C. § 1983. *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (internal quotations omitted); *see also Pavao*, 679 F. App'x at 823 (stating that "a prisoner must complete the administrative process in accordance with the

---

³ Plaintiff argues that his failure to exhaust should be excused because he had been transferred to the Florida Department of Corrections and was no longer in the Alachua County Jail "[a]t the time of the removal of this action." (Doc. 12 at 3). That argument lacks merit because the relevant date for determining exhaustion is the date the complaint was filed in state court and not the date the action was subsequently removed to federal court. *See Sussman v. Metcalf*, No. 4:14cv619, 2016 WL 1211773, at *3 (N.D. Fla. Feb. 2, 2016) *adopted by* 2016 WL 1226805 (explaining that the relevant date for exhaustion purposes is the date the complaint was filed in state court and not the date it was removed to federal court); *see also Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (explaining that when deciding if administrative remedies have been exhausted under the PLRA, "the district court must look to the time of filing," and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory"). Here, Plaintiff was incarcerated at the Alachua County Jail when he filed this action in state court on September 8, 2022. (Doc. 1 at 10) (stating that "[t]he plaintiff is . . . incarcerated at the Alachua County Sheriff Office—Dept. of the Jail"). Thus, Plaintiff should have properly exhausted his administrative remedies by the time he filed the complaint in state court on September 8, 2022.

applicable grievance procedures set by the prison"). Dismissal for failure to exhaust administrative remedies is, therefore, warranted.[4]

### C. Plaintiff has not shown that the grievance process was unavailable.

To the extent Plaintiff argues that his failure to exhaust should be excused because the grievance process was unavailable to him, this argument lacks merit. Although an inmate "must exhaust available remedies," he "need not exhaust unavailable ones." *Ross v. Blake*, 578 U.S. 632, 642 (2016). There are three circumstances when a prison grievance procedure has been found to be unavailable:

---

[4] Although the Court believes that the exhaustion issue can be resolved at *Turner* step one, the same conclusion would be warranted under *Turner* step two. Plaintiff claims that he filed an initial grievance about the conditions of his confinement while in the Alachua County Jail. Plaintiff has not supported that claim with a sworn affidavit or any other evidence. Defendants argue that Plaintiff did not file any grievances regarding the conditions of his confinement at the Alachua County Jail. Defendants have supported their argument with an affidavit from Fotina Perry, the Inmate Support Bureau Chief at the Alachua County Jail. (Doc. 4-1). Ms. Perry's affidavit contains a sworn statement that she reviewed the jail's records, and according to those records, Plaintiff "did not file any Informal Requests, Inmate Requests (sic) Forms, or Formal Grievances concerning any jail conditions asserted in the Complaint." (*Id*. at 1, 2). Thus, were this issue to be resolved at step two, the Court would find based on Ms. Perry's affidavit—which is uncontradicted by any sworn statements from Plaintiff—that Plaintiff failed to file any grievances regarding the conditions of his confinement at the Alachua County Jail. *See generally Lawson v. Crutchfield*, No. 5:15-cv-150, 2016 WL 5219466, at *2, *5 (N.D. Fla. July 5, 2016) (finding that the plaintiff failed to exhaust and crediting the affidavits submitted by prison officials establishing that the plaintiff had not filed a grievance regarding the alleged incident); *Carswell v. Conley*, No. 5:17-cv-00203, 2019 WL 2016539, at *3 (M.D. Ga. May 7, 2019) (finding that the plaintiff failed to exhaust administrative remedies and crediting the defendant's sworn affidavits and grievance records, which the plaintiff failed to rebut with any evidence).

(1) when the administrative procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque that it becomes . . . incapable of use . . . [and] no ordinary prisoner can discern or navigate it"; and (3) when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643-44. It is the plaintiff's burden to demonstrate that the grievance procedure was unavailable. *Geter v. Baldwin State Prison*, 974 F.3d 1348, 1356 (11th Cir. 2020). More specifically, the plaintiff must "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Wright v. Ga. Dep't of Corr.*, 820 F. App'x 841, 845 (11th Cir. 2020) (quoting *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014)).

Here, Plaintiff states that there is "an established and long standing practice, custom, usage and pattern by Alachua County Jail officials to not process, answer, or return grievances that complain[] of the type of conditions that [Plaintiff]" alleges in his complaint. (Doc. 12 at 3-4). Plaintiff claims that as a result of this alleged practice, he was "effectively prevented" from completing the grievance process. (*Id.* at 4). From these statements, liberally construed, it appears Plaintiff is claiming that the grievance procedure is unavailable for the first reason identified above—i.e., it

10

is "operat[ing] as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *See Ross*, 578 U.S. at 636. Plaintiff has failed to provide any support for this allegation. Plaintiff's conclusory allegation— unsupported by an affidavit or any other form of factual support—that the jail had a practice of failing to address inmate grievances is insufficient to meet his burden of showing that the grievance process was unavailable to him. *See Williams v. Barrow*, 559 F. App'x 979, 988 (11th Cir. 2014) (stating that the plaintiff's "conclusory allegations" that the grievance procedure was rendered unavailable to him "does not come close" to establishing unavailability); *see also Wright*, 820 F. App'x at 845 (affirming dismissal for failure to exhaust and rejecting the plaintiff's conclusory claim that the grievance process was unavailable to him because "he provided no factual support for this assertion").

In any event, the failure of corrections staff to respond to an initial grievance does not render the grievance procedure unavailable when the jail's procedure enables an inmate to proceed to the next step of the process without receiving a response to the initial grievance. *See Bracero*, 748 F. App'x at 204 ("To the extent [the plaintiff] claims that the prison's lack of response to certain grievances prevented him from going forward with the three-step process, he is incorrect. The grievance procedure permitted [the plaintiff] . . . to proceed with the next step in the three-step process after the expiration of the prison's time to respond to a

11

grievance."); *see also Pavao*, 679 F. App'x at 825-26 (rejecting argument that the grievance procedure was unavailable due to a failure to respond to grievance because "even assuming that the prison failed to respond . . . the grievance procedure provides that he could have proceeded to the next step of the grievance process— administrative appeal—after the expiration of 20 days"). Accordingly, Plaintiff has failed to show that the grievance procedure was unavailable to him.[5]

---

[5] Plaintiff states that if given the opportunity to file an amended complaint, he could show that the Alachua County Jail had a practice of refusing to respond to inmate grievances. (Doc. 12 at 3). Plaintiff has provided no explanation for failing to provide such information in his response to the motion to dismiss for failure to exhaust. There is no reason to believe that Plaintiff—who is no longer incarcerated at the Alachua County Jail—would be able to later come forward with information in an amended complaint that he was unable to provide at the time he filed his response to the motion to dismiss. If Plaintiff had information that would show the grievance procedure at Alachua County Jail was unavailable to him, then he should have provided that information in response to the motion to dismiss. To the extent that Plaintiff's response to the motion to dismiss could be construed as containing within it a request to file an amended complaint, such a request is improper. *See Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.") (internal quotations omitted); *see also* N.D. Fla. Loc. R. 15.1(B) (requiring that a party seeking leave to amend must "file a motion for leave to amend and must simultaneously file the proposed amended pleading itself"); *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1362 (11th Cir. 2006) (explaining that when seeking to file an amended complaint, "the movant must either attach a copy of the proposed amendment to the motion or set forth the substance thereof"). Moreover, there is no reason to believe that the filing of an amended complaint will "change the important historical fact" that Plaintiff's "administrative remedies were unexhausted when he filed his original complaint." *See Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (finding no basis for permitting the plaintiff to file an amended complaint in response to a motion to dismiss for failure to exhaust that established the plaintiff failed to complete the grievance procedure).

### III.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. Defendants' motion to dismiss (Doc. 4) be **GRANTED** and Plaintiff's claims be **DISMISSED** without prejudice for failure exhaust administrative remedies.

2. The Clerk of Court be directed to close this case.

At Pensacola, Florida, this 1st day of June 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**